TWIN CITY LINES, INC. *v.* HOUCK.

5-872                                289 S. W. 2d 198

Opinion delivered March 26, 1956.

[Rehearing denied April 30, 1956.]

*Harper, Harper & Young* and *Theron Agee,* for appellant.

*Ralph W. Robinson* and *Hardin, Barton, Hardin & Garner,* for appellee.

George Rose Smith, J. This is an action brought by Gertrude Houck and her husband for damages resulting from a traffic collision in which Mrs. Houck was injured. The jury awarded Mrs. Houck $18,000 in damages and awarded her husband $1,500. The appellant's principal contentions are that Mrs. Houck was guilty of contributory negligence as a matter of law and that the larger verdict is excessive.

The accident occurred on a one-way street leading from Fort Smith to Van Buren. Mrs. Houck, driving alone, had parked her car on the right-hand side of the street and was about to alight on the street side. Without looking back for oncoming traffic she released the door lock with her left hand, allowing the door to open not more than two inches. While still holding the door handle she reached forward with her right hand to turn off the ignition. At that moment the appellant's bus, traveling very close to the cars parked on the right, struck the door, bending it outward in a U-shaped curve. The plaintiffs' proof is to the effect that Mrs. Houck was jerked so violently by the impact that her neck was broken. She also sustained a comparatively minor leg injury.

The operator of the bus, traveling at some distance behind Mrs. Houck, had seen her park her car. He says that as he approached the parked car a motorist in the other traffic lane honked his horn and began to pass the bus. The two lanes are somewhat crowded when cars are parked on both sides of the street. The jury were warranted in finding that the bus driver, without reducing his speed, drove extremely near the cars parked on his right and in doing so struck Mrs. Houck's door, which was open an inch or two. The bus driver testified that he did not sound his horn, that if necessary he drives within an inch of parked cars, and that he understands it to be against the law for a person "to open the door against traffic," as Mrs. Houck did.

The proof does not show that Mrs. Houck was contributorily negligent as a matter of law. The question is whether a reasonably prudent person would, in Mrs.

Houck's circumstances, release the door catch and allow the door to swing slightly ajar without first looking to the rear. No doubt such conduct takes place daily; it is for the jury to say whether it amounts to carelessness. The only Arkansas decision cited by the appellant on this issue, *Ponder* v. *Carroll*, 193 Ark. 1120, 105 S. W. 2d 72, is readily distinguishable. There the plaintiff alighted from a wagon and, apparently without looking for danger, walked into the stream of traffic. That such reckless conduct was held to be negligence is not controlling with respect to the altogether different facts now before us. It cannot be said that Mrs. Houck's actions would be regarded as carelessness by all fair-minded men.

We do not consider the $18,000 verdict to be too liberal. Before her injuries Mrs. Houck had earned more than $5,000 a year from the operation of a beauty shop and a cafe. There is evidence to show that she is permanently disabled as the result of a fractured vertebra in her neck and that she may have to wear a rigid brace for the rest of her life. The verdict can hardly be declared excessive if her present condition is due solely to the collision. The appellant insists, however, that such a conclusion is not supported by substantial evidence.

On this issue the conflicting testimony presented a question for the jury. Physicians who testified for the appellant believe that Mrs. Houck suffers from a congenital defect caused by the failure of certain neck bones to fuse during her childhood. But two of these doctors had originally diagnosed Mrs. Houck's injury as a fractured vertebra, and that opinion was expressed by a medical witness called by the plaintiffs. It is argued that the latter view is based upon the assumption that Mrs. Houck suffered a "whiplash" strain and that there is no proof to support such an assumption. Mrs. Houck testified, however, that she experienced a violent jerk at the moment of the collision. The jury were justified in believing that this testimony, couched in layman's language, satisfied the medical requirement that a severe

flexion must have occurred. In reaching their conclusion the jury may well have considered the fact that the defect, if congenital, had apparently never manifested itself in any way before the collision occurred.

We find no merit in the appellant's remaining contentions, that the verdict in favor of Mr. Houck is excessive and that two instructions given by the court were abstract.

Affirmed.